UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In the Matter of the Arbitration of Certain :
Controversies between :
 :
SCIENCE APPLICATIONS :
INTERNATIONAL CORPORATION, :
 : Civil Action No. 13-1070 (GK)
                Petitioner, :
 :
    and :
 :
THE HELLENIC REPUBLIC, :
 :
                Respondent. :

## MEMORANDUM OPINION

On September 22, 2016, the Greek Supreme Court ruled in favor of Leidos in this long-running litigation. On December 2, 2016, the Court Ordered the Parties to submit their positions as to what, if anything, this Court should do given the fact that the Greek Supreme Court had reached a final decision [Dkt. No. 49]. On December 16, 2016, Petitioner submitted a Position Brief as to the Impact on Its Arbitration Award Enforcement Petition of Supreme Court of the Hellenic Republic's Decision [Dkt. No. 51]. On the same date, Respondent submitted its Position Statement that this Court should deny the Petitioner's request for enforcement of the decision of the Greek Supreme Court [Dkt. No. 52].

On January 5, 2017, this Court issued an Order [Dkt. No. 53] and Memorandum Opinion [Dkt. No. 54]. The Order confirms the Arbitral Award of the International Chamber of Commerce International Court of Arbitration ("ICC") issued in favor of Petitioner, Leidos, Inc. (formerly Science Applications International Corporation) and against the Hellenic Republic. On January 6,

2017, the Clerk of Court issued a Civil Judgment Form AO 450 [Dkt. No. 55], pursuant to Fed. R. Civ. P. 58, to enter Judgment in the action, based on the Court's Memorandum Opinion and Order.

Petitioner now seeks, pursuant to Fed. R. Civ. P. 60(a) and/or 59(e) to correct the "clerical mistake" or "mistakes arising from oversight or omission" in the entry of Judgment prepared by the Clerk of Court and entered on the docket on January 6, 2017 [Dkt. No. 56]. Specifically, Leidos now requests that the entry of Judgment be corrected to add the following relief which the Court granted Leidos when it decided to confirm the award in its entirety.

## I. STANDARD OF REVIEW FOR RELIEF

### A. Rule 60(a)

Federal Rule of Civil Procedure 60(a) provides that "the Court may correct a clerical mistake or mistakes arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." A judgment can be corrected so that it conforms to the "contemporaneous intent of the Court." Jackson v. Jackson, 276 F.2d 501, 502 (D.C. Cir. 1960).

### B. Rule 60(b)

Federal Rule of Civil Procedure 60(b) permits relief for reasons set forth in (b)(1)-(5), and -- most importantly -- ending with 60(b)(6) for "any other reason that justifies relief."

### C. Rule 59(e)

Rule 59(e) is appropriate where the district court finds that there is a "need to correct a clear error or prevent manifest injustice."

## II. LEIDOS HAS NOT WAIVED THE RELIEF IT SEEKS

Respondent argues at great length that Leidos has waived its claims as to: 1) its request to have the judgment stated in dollars rather than Euros; and 2) its request for pre-judgment interest at

6% and post-judgment statutory interest on the $162,500 that was awarded as costs. Respondent is correct that Leidos expressly asked, at a much earlier point in this long-running litigation, that the amount of Judgment (other than the amount awarded as costs) be stated in Euros. However, the fact that Leidos asked for the Judgment to be stated in Euros at that time does not decide the issue at this late date.

Leidos' request to have the foreign currency amount of the judgment converted into U.S. dollars was not waived. Rule 59(e) clearly says that it may not be used by a "<u>losing party</u> . . . to raise new issues that could have been raised previously." <u>Kattan By Thomas v. D.C.</u>, 995 F.2d 274, 276 (D.C. Cir. 1993) (emphasis added). Given the fact that Leidos is <u>not</u> a losing party, it is not precluded from asking this Court to revisit the granting of its Petition to confirm the international Arbitration Award.

In another extremely long-running litigation, <u>Continental Transfert Technique, Ltd. v. Government of Nigeria</u>, 603 F. App'x 1, 4 (D.C. Cir. 2015), the D.C. Circuit held, as recently as 2015, that it was appropriate for petitioner in that case to request in a Rule 59(e) Motion, conversion of the award into U.S. dollars. The Circuit Court explained that Fed. R. Civ. P. 54(c) specifically provides that a final judgment ordinarily "should grant the relief to which each party is entitled, <u>even if the party has not demanded that relief in its pleadings</u>." 603 F. App'x at 4 (emphasis added).

The Circuit noted that the complaint contained a form request "for such other and further relief <u>as this Court deems just, proper, and equitable</u>," and, therefore, pursuant to Rule 54(c), ruled that the Rule 59(e) current conversion request was appropriate. 603 F. App'x at 4-5 (emphasis added). In this case, while it is true that Leidos had not previously requested that the Judgment be

denominated in dollars, it made the same type of Rule 54(c) request as in Continental Transfert to claim any further relief that it deemed just and proper, and therefore should receive the same relief.

The same logic applies to the issue of prejudgment interest on arbitral fees, and so that argument was similarly not waived by Leidos.

### III. INCLUSION OF THE $162,500 AWARD OF COSTS, POST-AWARD PRE-JUDGMENT INTEREST RATE OF 6%, AND POST-JUDGMENT INTEREST AT STATUTORILY MANDATED RATE

Leidos requests that the $162,500 in arbitral fees awarded to it by the Arbitral Tribunal be included in the Judgment, that it is entitled to a post-award, pre-judgment interest at 6% per year, and that it is entitled to post-judgment interest at the statutory rate.

#### A. Arbitral Costs

Leidos points out that it specifically included the $162,500 in its Proposed Order to its original Motion to Confirm [Dkt. No. 1-12], to its Proposed Order to Confirm Arbitration Award and to Enter Judgment [Dkt. No. 20-1], and to its Proposed Order to its Opposition to Respondent's Cross-Motion to Dismiss Petition to Confirm the Arbitration Award and to Enter Judgment [Dkt. No. 30-9]. The Court granted the $162,500 amount when it decided to confirm the award in its entirety. However, the Clerk of Court overlooked this amount, and the Court concludes that it should be added to the Entry of Judgment amount.

#### B. Post-Award, Pre-Judgment Interest

Leidos requests inclusion of post-award, pre-judgment interest at 6% per year. In its Petition to Confirm and other filings, Leidos requested that the Clerk of Court issue a civil judgment based on the Court's Memorandum Opinion and Order and a post-judgment award of pre-judgment interest at a rate of 6% per year. The Tribunal awarded post-award pre-judgment interest at a rate of 6

percent per year as part of the Final Award. It provides that interest shall be paid on all sums awarded except for € 1,066,378 of the awarded amount. The Court's Memorandum Opinion and Order [Dkt. No. 53 and 54] granted Leidos' Petition in full. Despite that, the Clerk of Court failed to enter the post-award pre-judgment interest of 6%. When Leidos requested the Entry of Judgment, the Clerk of Court included only € 39,818,298 in relief [Dkt. No. 55].

The Court concludes, for these reasons, that Leidos is entitled to a change in the Judgment to include the post-award, pre-judgment interest at a rate of 6% per year as the Tribunal intended. That totals € 8,115,607.64 of interest on the Award, plus $34,031.51 of interest on the arbitral fees.

### C.     Post-Judgment Interest at the Mandatory Statutory Rate

Post-judgment interest at the statutory rate on any judgment is mandated by 28 U.S.C. § 1961. The statute indicates that "Such interest shall be calculated from the date of entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." The request for post-judgment interest falls squarely within the language of the statute. It is also mandatory under the statute. Consequently, the Court must award post-judgment interest at the statutory rate from the date of entry of judgment until the day that full payment is made by the Hellenic Republic. By granting Leidos' petition in full, Petitioner was granted the full scope of relief that it requested. See Continental Transfert Technique, Ltd. v. Government of Nigeria, 850 F. Supp. 2d 277, 288 (D.D.C. 2012) (which held that the Court's failure to award post-judgment interest was a "mistake arising from oversight or omission.").

## IV. THE JUDGMENT SHOULD BE ENTERED IN DOLLARS USING THE EXCHANGE RATE IN EFFECT ON THE DATE OF THE AWARD

Leidos has moved, under Rule 59(e) to alter the judgment or amend it to convert the total amount into U.S. dollars using the exchange rate in effect at the time of the Arbitral Award. The general rule is for Federal courts to enter judgment in U.S. dollars. See Continental Transfert Technique, Ltd., 932 F. Supp. 2d at 158. This principle is followed in order to make the creditor whole despite currency fluctuation which can greatly devalue the actual value of the arbitral award.

The Restatement (3d) of Foreign Relations Law indicates that a court should choose the date of exchange rate that "will make the creditor whole and [will] avoid awarding a debtor that has delayed in carrying out an obligation." Restatement (3d) of Foreign Relations Law, § 823(2) (1987).

The Restatement's official commentary says:

> The date used for conversion should depend on whether the currency of obligation has appreciated or depreciated relative to the dollar. In sum, if the foreign currency has depreciated since the injury or breach, judgment should be given at the rate of exchange applicable on the date of injury or breach.

Id. at § 823(2) (cmt. cp.)

The D.C. Circuit has affirmed the District Court's ruling in Continental Transfert and has held that if the party requesting confirmation of the arbitral award had not requested conversion of the award into U.S. dollars in its petition to confirm, such conversion was still appropriate in a Rule 59(e) motion. The D.C. Circuit rested its holding on Federal Rule 54(e) which specifically provides that a final judgment "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Continental Transfert, 603 F. App'x. at 4.

In this case, almost the entire amount of the arbitral award was stated in Euros. Their value depreciated significantly because for more than four years the Hellenic Republic refused to pay the Award -- from the date of the award on July 2, 2013, until the date of judgment on January 6, 2017. Using the Restatement's approach as our Court of Appeals did in Continental Transfert, adopting the exchange rate on the date of the award is proper to make Leidos whole and prevent the Hellenic Republic from benefitting from its delay in paying the award by having the amount it owes depreciate. That is precisely what is covered by Rule 59(e) as there is a "need to correct a clear error or manifest injustice."

## IV. CONCLUSION

Based upon the reasons contained in this Opinion, it is this 13th day of April, 2017, hereby

**ORDERED**, that the entry of Judgment is to be corrected to add the following:

- The $162,500 in arbitral fees that the Arbitral Tribunal awarded to Leidos;

- The post-award pre-judgment interest at the six percent simple interest rate which the Arbitral Tribune awarded Leidos, totaling € 8,115,607.64, plus $ 34,031.51;

- Conversion of the total Judgment amount into United States dollars using the exchange rate in effect on the date of the arbitral award; and

- Correction of the Final Judgment to the amount of $62,731,104.80, reflecting the total amounts awarded to Leidos in the Final Award, post-award pre-judgment interest awarded to Leidos in the Final Award, and conversion into United States Dollars; and

- The post-judgment interest at the statutory rate mandated by 28 U.S.C. § 1961 on the money judgment.

April 13, 2017

_G̲l̲a̲d̲y̲s̲ ̲K̲e̲s̲s̲l̲e̲r̲_
Gladys Kessler
United States District Court

**Copies via ECF to all counsel of record**