IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the Arbitration of Certain Controversies between<br><br>SCIENCE APPLICATIONS INTERNATIONAL CORPORATION,<br><br>              Petitioner,<br><br>and<br><br>THE HELLENIC REPUBLIC,<br><br>              Respondent. | Civil Action No. 1:13-cv-01070-EGS |

**RESPONDENT HELLENIC REPUBLIC'S REPORT IN RESPONSE
TO THE COURT'S APRIL 23, 2018 MINUTE ORDER**

Respondent the Hellenic Republic submits the following report in response to the Court's April 23, 2018 Minute Order.

**1. Introduction and Apology**

At the outset, undersigned counsel for the Hellenic Republic apologizes to the Court and to opposing counsel for the circumstances that led to petitioner Leidos's filing of a report on its own behalf only, rather than a joint report.

As is explained below, Leidos's status report and proposed order set out language that the parties had agreed on, but does not include language that counsel for the parties were, as of 7:30 pm on the day that the joint report was due, in the process of negotiating. Undersigned counsel had provided counsel for Leidos with proposed language, and Leidos had agreed to portions of that language but had proposed certain changes. Undersigned counsel did not respond to those proposed changes in a timely manner, and as a result Leidos filed its status report, which

reflected the provisions that had previously been agreed on and omitted the provisions that had not been agreed on.

We will explain why undersigned counsel failure to respond to Leidos's proposed changes. Before doing so we wish to inform the Court that the Hellenic Republic is willing to accept Leidos's proposed changes. Therefore, in the remainder of this report, we will (1) set out the terms of the additional provisions that Leidos has previously said that it will agree to, and (2) explain undersigned counsel's previous failure to respond to Leidos's proposal. Unfortunately, it will be necessary to go into a fair amount of detail, especially with respect to the second issue, and counsel apologizes for the burden that this will impose on the Court.

**2. The additional provisions that Leidos said it would agree to.**

The provisions in question related to the Hellenic Republic's argument that the judgment in this case is subject to the District of Columbia Uniform Foreign-Money Claims Act, D.C. Code §§ 15-901 et seq. The Hellenic Republic had asserted that argument in opposing postjudgment motion by Leidos that was ultimately reversed by the court of appeals. It had also asserted that argument on appeal, but the court of appeals decided the case on other grounds and therefore did not resolve the issue. Because the issue was fully briefed on appeal but not decided, we believe that it is open for consideration by this Court on remand.

With regard to the issue whether the D.C. statute applies, Leidos sent undersigned counsel redlined drafts at approximately 7:30 p.m. that included the following language that Leidos indicated it was willing to agree to, and that reflected changes by Leidos's to what undersigned counsel had previously proposed:

[*To be included in the joint response, immediately following paragraph 1*:]

2. The Parties agree that the entry of judgment (as provided above) itself is without prejudice to Respondent seeking a ruling that the judgment is subject to

the District of Columbia Uniform Foreign-Money Claims Act, D.C. Code §§ 15-901 et seq, including but not limited to the provisions of § 15-906 regarding payment of the judgment. The Respondent's motion seeking such a ruling shall be filed no later than May 18, 2018. Leidos reserves all rights and defenses to oppose any such motion.

[*To be included in the proposed order as the order's final parapraph*:]

AND IT IS FURTHER ORDERED that any motion from the Respondent seeking a ruling that the judgment is subject to the District of Columbia Uniform Foreign-Money Claims Act, D.C. Code §§ 15-901 *et seq*, including but not limited to the provisions of § 15-906 regarding payment of the judgment, shall be filed no later than May 18, 2018.

Copies of Leidos's redlined drafts reflecting these terms are submitted with this response as Exhibits 1 and 2. Also submitted is a proposed order that includes the language above. Because Leidos has previously indicated its willingness to accept the provisions above, we ask that the Court enter that proposed order instead of the proposed order submitted by Leidos.

3. **The explanation for undersigned counsel's failure to respond to Leidos**

*Background.* Counsel for Leidos sent its draft of the planned joint report to counsel for the Hellenic Republic on Wednesday, May 2—seven business days after the entry of the April 23 minute order, and only three business days before the deadline for the joint report to be filed. On Friday, May 4, undersigned counsel sent his proposed revisions to Leidos's counsel. Those revisions included language to the effect that the judgment would be governed by the D.C. Uniform Foreign-Money Claims Act.

On the following Monday (the day that the joint report was due), Leidos's counsel responded by email to undersigned counsel's proposed changes, stating that Leidos did not agree to the language relating to the D.C. statute, on the theory that it "[goes] beyond what the D.C Circuit decided.". Although the email was sent around noon, undersigned counsel did not see it

until about 4:30, at which point he was in his car. He called counsel for Leidos and left a message asking Leidos's counsel to call him.

Leidos's counsel called at 5:06 p.m. Undersigned counsel proposed that rather than counsel arguing between themselves about whether the choice-of-law issue remained open for this Court to consider, the parties' joint submission would provide for the Hellenic Republic to seek a ruling on the issue, with the motion for such a ruling to be filed by May 18. Undersigned counsel understood Leidos's counsel to have agreed to the general concept of that proposal, and at 5:32 (25 minutes after the phone call) undersigned counsel sent revised language to counsel for Leidos.

At 7:03 p.m., undersigned counsel received a call from counsel for Leidos, who raised a concern about some of the Hellenic Republic's proposed language. Undersigned counsel suggested a way to alleviate that concern, and counsel for Leidos said that he would confer with his colleagues and report back. At 7:10, immediately after that phone call ended, undersigned counsel left his home to drive to an engagement that had previously been scheduled for 7:30. He took his iPad with him, so that he would be able to review respond to whatever proposed revisions Leidos's counsel sent.

*The key events.* At 7:31, Leidos's counsel sent an email to which were attached redlined drafts setting out the language that is quoted above. The email said, "Per our discussion, please see our proposed redlines to your language.  Please confirm that we can file with these revisions. If you need to discuss, please call me on my cell at [xxx-xxx-xxxx]." Undersigned counsel was in transit when the email was sent; he does not recall whether he read the email while he was still en route, but in any event he read it by approximately 7:40, when he arrived at the location of his engagement. The redlined drafts were in Word format, and counsel assumed that the redlining

4

would not be visible on his phone or his iPad. He therefore tried to call counsel for Leidos to ask for the redlined drafts to be resent as PDFs.

Unfortunately, in his haste, counsel did not notice that Leidos's counsel had asked to be called on his cell phone. As a result, undersigned counsel simply redialed the number from his earlier conversations, which was counsel for Leidos's office number. (That will turn out to have been a fateful mistake.) The call rang through to voicemail. Undersigned counsel left a message, and then sent the following email: "Can you convert the redlined [sic] to PDF and resend them. I'm not near a computer, and won't be able to see redlining in Wird [sic] docs on my phone. Thanks."

At this point, it is necessary to explain the nature of the engagement that undersigned counsel was on his way to, and doing so will require the disclosure of matters that are more personal than is customary in documents such this one. Counsel was on his way to meet a person in whom he had (and still has) a romantic interest. Counsel had taken this person out to dinner twice, and this person had invited counsel to their home for drinks and conversation. The events described in the previous paragraph took place while counsel was in his car, outside the apartment building where this person lived. His plan was to bring his iPad with him to the person's apartment, and to deal with the revisions there, before the drinks and conversation began.

That turned out to be another fateful mistake. The person whom counsel was going to see was not at all happy about the fact that counsel intended to do work during what had been planned as a social occasion. The person is from Europe, and disapproves of the American habit of letting work intrude on one's private life. Counsel therefore felt torn between his professional obligations on the one hand and his wish not to make this person angry at him.

Confronted by this dilemma, counsel thought of what he thought at the time was a good solution, although in retrospect he believes that his judgment may have been clouded by his immediate circumstances. He tried to call counsel for Leidos to suggest that they ask for a one-day extension, which would make it possible for undersigned counsel not put off the issue of the revisions until the next day. But he again called counsel for Leidos's office number, and left a message after the call went to voicemail.

Undersigned counsel then made another fateful decision for which he can reasonably be criticized. In order to assure the person he was visiting that there would be no more distractions, he turned off his phone. After a few minutes, though, counsel had second thoughts about relying on just a voicemail message. He therefore turned his phone on, sent the following email to counsel for Leidos, and turned his phone off again: "I'm afraid I won't be able to look at this tonite, so I wd  suggest asking for a one-day extension, and we can deal with it tomorrow. Thanks."

Undersigned counsel did not turn his phone back on until after Leidos had filed its status report. In the meantime, he missed the voicemail from counsel for Leidos saying that they were not inclined to ask for an extension and urging that undersigned counsel get back to him with an answer about the proposed revisions.

Undersigned counsel recognizes that he acted unprofessionally, and is embarrassed at having to recount  his inappropriate conduct in this submission. He once again apologizes to the Court—and to Leidos's counsel, who are no doubt justifiably angry at him.

However, counsel's failings have not in any way adversely affected Leidos's interests. As stated above, we are willing to accept Leidos's most recent revisions to the language at issue, so we are not suggesting that Leidos be forced to accept anything other than what it has already said

it is willing to accept. We therefore ask that the Court enter the proposed order that is submitted along with this report.

                Respectfully submitted,

                BUTZEL LONG, PC

                */s/ Neal Goldfarb*
                Neal Goldfarb (D.C Bar No. 337881)
                1909 K Street, N.W., Suite 500
                Washington, D.C. 20006
                Telephone: (202) 454-2800
                goldfarb@butzel.com

                *Counsel for Respondent the Hellenic Republic*

**Certificate Of Service**

I hereby certify that on this 8th day of May, 2018, a copy of the foregoing Report in Response to the Court's April 23, 2018 Minute Order was electronically filed with the clerk of the court using the CM/ECF system, which will send notification of such filing to the following:

>Allen B. Green (D.C. Bar No. 222158)
>William T. O'Brien (D.C. Bar No. 450891)
>John W. Lomas, Jr. (D.C. Bar No. 976555)
>Ivan W. Bilaniuk (D.C. Bar No. 494315)
>1900 K Street, N.W.
>Washington, D.C. 20006
>allen.green@dentons.com
>william.obrien@dentons.com
>john.lomas@dentons.com
>ivan.bilaniuk@dentons.com
>*Attorneys for Petitioner Leidos, Inc.*
>
>Rohit Dwarka Nath, Esq.
>U.S. DEPARTMENT OF JUSTICE
>20 Massachusetts Avenue, NW
>Washington, DC 20001
>(202) 616-8098
>rohit.d.nath@usdoj.gov
>*Attorney for Interested Party The United States of America*

>*/s/ Neal Goldfarb*
>Neal Goldfarb (D.C Bar No. 337881)
>BUTZEL LONG, PC
>1909 K Street, N.W., Suite 500
>Washington, D.C. 20006
>Telephone: (202) 454-2800
>goldfarb@butzel.com